Rickert v. Prehn, 171 Wis. 423.

Rickert, Appellant, vs. Prehn, Respondent.

*April 7—May 4, 1920.*

*New trial: Insufficiency of evidence: Unsatisfactory proof of values: Discretion of court: Setting aside verdict unless plaintiff consents to reduction of damages.*

In an action to recover compensation by a broker who was the procuring cause of an exchange of land for a stock of goods, under an agreement whereby the owner of the land was to receive a net price or value therefor, the court did not abuse its discretion in granting a new trial after verdict for plaintiff, where the evidence as to the value of the stock exchanged for the land was unsatisfactory and was based upon superficial estimates made from three weeks to nine months from the time of the trade.

Appeal from an order of the circuit court for Fond du Lac county: Chester A. Fowler, Circuit Judge. *Affirmed.*

Action to recover compensation for services rendered defendant in securing a trade of his farm for a stock of goods and fixtures owned by one McKinnon, a resident of Chicago. Plaintiff alleges that defendant agreed to pay him one half of all he received in excess of $10,500 for his farm; that by the trade consummated defendant received a stock of goods and fixtures worth $13,000 for his farm, subject to a mort-

gage of $4,800, or in all $17,800, being $7,300 in excess of the $10,500; that one half of said sum of $7,300, or $3,650, is due plaintiff.

Defendant admits that at one time he agreed to pay one half in excess of $10,500 received for the farm, but alleges that such agreement had been abandoned and denies that plaintiff procured or assisted in the sale; alleges he gave his farm, reasonably worth $10,500, subject to a mortgage of $4,800, and $2,000 in personal property, for a stock of goods and fixtures worth $6,500 and two lots worth $500.

The jury found (1) that plaintiff was the procuring cause in the trade with McKinnon; (2) that the fair market value of the stock of goods received by defendant was $8,000, of the fixtures, including cash register and safe, $4,470; that the defendant traded in personal property worth $1,500; and (3) that no new agreement as claimed by defendant, to the effect that if McKinnon would guarantee an inventory of the stock of goods of the value of $8,000 the defendant would pay plaintiff a commission of $1,000, was made between them when plaintiff was in Chicago.

After the verdict, upon defendant's motion, the court set aside the verdict and ordered a new trial unless plaintiff consented to take judgment for $400 and costs. Plaintiff refused to take judgment for $400 and costs, excepted to the order, and appealed therefrom.

For the appellant there was a brief signed by *L. E. Lurvey,* attorney, and *D. D. Sutherland,* of counsel, both of Fond du Lac, and oral argument by *Mr. Sutherland.*

*L. J. Fellenz* of Fond du Lac, for the respondent.

VINJE, J. No question of law is involved in this case. The court set aside the verdict and granted a new trial because the evidence as to the value of the stock of goods and fixtures at the time the trade was made, to wit, September 5, 1917, was so vague and unsatisfactory that it did not sup-

port the verdict. The stock consisted of dry goods, boots and shoes, ladies' furnishings, notions, and five and ten-cent goods. On August 14 or 15, 1917, the parties, for a part of a day, examined the stock of goods and fixtures but made no inventory. Plaintiff estimated the stock worth $8,000 and the fixtures $4,800. Then defendant valued the stock at about $6,000. He says that between August 15th and September 5th McKinnon sold daily from the stock and did not replenish it, so that at the time the trade was made the stock was worth less. The cross-examination of plaintiff showed that his knowledge of the quantity and quality of the stock at the time he made the examination was very limited and superficial. The other evidence as to the value of the stock was equally unsatisfactory and was based upon superficial estimates made from three weeks to nine months from the time of the trade. Under the circumstances we cannot say that the trial court abused its discretion in granting a new trial. Its conclusion that justice had not been done in the case is fully sustained by the evidence.

*By the Court.*—Order affirmed.